IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2149-BO

| | | |
|---|---|---|
| JAMIE ANTWON MITCHELL, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GEORGE KENWORTHY, | ) | |
| Respondent. | ) | |

Jamie Antwon Mitchell is a state prisoner. Mitchell petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is currently represented by counsel. George Kenworthy ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation. 28 U.S.C. § 2244(d)(1). Petitioner responded. On September 7, 2011, the court entered an order staying the matter pending the decision of the Supreme Court in Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641 (2012). That decision was announced on January 10, 2012. Therefore the stay is lifted, and the matter is ripe for determination.

I.  Background

On November 30, 2007, Mitchell was convicted in the Superior Court in Wake County of second degree murder and possession of a firearm by a convicted felon. He was sentenced to 220-273 and 16-20 months imprisonment. At trial, petitioner was represented by George E. Kelly.

Petitioner filed his direct appeal through counsel, Paul F. Herzog. On January 6, 2009, the Court of Appeals of North Carolina denied relief on direct appeal in a published opinion. State v. Mitchell, 194 N.C. App. 705, 671 S.E.2d 340 (2009). No timely notice of appeal or petition for discretionary review was filed in the Supreme Court of North Carolina within 35 days of the Court of Appeals' opinion. See N.C.R. of App. P., Rules 14(a) and 15(b) (2009) (15 days after issuance of Court

of Appeals' mandate to file notice of appeal and/or petition for discretionary review to Supreme Court of North Carolina); Rule 32(b) (2009) (unless court orders otherwise mandate issues 20 days after written opinion filed). Neither was a petition for a writ of certiorari filed in the Supreme Court of the United States.

On April 13, 2009, petitioner file a belated pro se notice of appeal and petition for writ of certiorari in the Supreme Court of North Carolina. (D.E. # 10, Mem. in Supp., Ex. 5) Both were dismissed on August 27, 2009. (Id., Ex. 6) On August 7, 2009, petitioner filed a second pro se notice of appeal and petition for writ of certiorari in the Supreme Court of North Carolina which were dismissed and denied on January 28, 2010. (Id., Ex. 7) On October 2, 2009, petitioner filed a third notice of appeal and petition for writ of certiorari in the Supreme Court of North Carolina. (Id., Ex. 8) These filings were also denied by the Supreme Court on January 28, 2010. ((Id., Ex. 9). On November 12, 2009, petitioner filed a fourth notice of appeal and petition for writ of certiorari in the Supreme Court of North Carolina. (Id., Ex. 10) The filings were likewise denied by the Supreme Court on January 28, 2010, albeit all in separate orders. (Id., Ex. 11)

On April 5, 2010, petitioner filed a motion for appropriate relief (MAR) through counsel Kevin P. Bradley. (Id., Ex. 12) On May 7, 2010, the MAR was summarily denied. (Id., Ex. 13) On June 21, 2010, Bradley next filed a certiorari petition in the North Carolina Court of Appeals which was denied on July 12, 2010. (Id., Ex. 14) On July 13, 2010, this petition was filed.

II.  Facts

As found by the Court of Appeals, the facts of this case are as follows:

On the evening of 20 January 2007, Jamie Mitchell ("defendant") and his girlfriend, Tenika Utley, attended a party in Apex, North Carolina. Ms. Utley left the party and went to the home of defendant's cousin, Sequina Sidney. Some time later,

2

defendant went to Ms. Sidney's house, where he proceeded to get into an argument
with Ms. Utley. The argument escalated and Ms. Utley decided to leave in her car.
Defendant followed her outside, and before she could get into her car, defendant
pushed her down, grabbed her necklaces, and began choking her. Ms. Sidney called
Kevin Dodd and asked him to come to her house to assist in ending defendant's
assault on Ms. Utley. Mr. Dodd, along with Timothy Baily, Frank Horton (the
decedent), and Charles Horton, arrived at Ms. Sidney's house and witnessed
defendant straddling Ms. Utley and holding her down. The men asked defendant to
release Ms. Utley, but he told them to "mind [their] own business." When
defendant finally released her, the decedent advised Ms. Utley to leave. Defendant
told the decedent that he did not "get into your and [your wife's] business" and
slapped the decedent. The two men began to fight, at which point defendant shot
decedent in the head. Decedent died from the gunshot wound.

On 6 February 2007, defendant was indicted for first-degree murder. On 20 March
2007, defendant was indicted for possession of a firearm by a felon. The cases went
to trial on 26 November 2007. The jury found defendant guilty of second-degree
murder and possession of a firearm by a felon. The trial court found defendant to be
a prior record level III for felony sentencing purposes. Defendant was sentenced to
an active term of 220 to 273 months imprisonment on the second-degree murder
charge. A consecutive active sentence of 16 to 20 months was imposed for the
firearm charge. Defendant appeals.

State v. Mitchell, 194 N.C. App. 705, 707 (2009).

III.  Issues

Petitioner contends: (1) the trial court violated his due process rights by permitting the prosecutor and defense counsel to inform the jury that petitioner had previously pled guilty to two counts of accessory after the fact to first-degree murder, and failed to submit a lesser included offense instruction; (2) the prosecutor violated his right of due process and assistance of counsel and a fair trial by delaying in bad faith the disclosure of pre-trial interviews of witnesses, and informed the jury of the fact that petitioner was convicted of accessory after the fact to first-degree murder; (3) he received ineffective assistance of counsel; and (4) he received ineffective assistance of appellate counsel.

3

IV.  Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for

4

the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's case became final for purposes of direct appellate review on Tuesday February 10, 2009, i.e., 35 days after the January 6, 2009, North Carolina Court of Appeals published opinion. See, Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641, 654-56 (2012) (where petitioner does not seek review in a State's highest court judgment becomes final when the time for seeking such review expires, and does not receive the benefit of the 90 days in which to seek certiorari to the Supreme Court of the United States from Supreme Court Rule 13.1); see N.C. R. App. P. 14(a) and 15(b) (2009) (fourteen days to serve notice of appeal). Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) ran from February 10, 2009, and fully expired 365 days later on Wednesday, February 10, 2010. Petitioner's belated notices of appeal and several pro se certiorari petitions in the Supreme Court of North Carolina on April 13, 2009, August 7, 2009, October 2, 2009, and November 12, 2009, did not resurrect petitioner's direct appeal or toll the running of the statute of limitations period. See Saguilar v. Harkleroad, 348 F. Supp.2d 595, 598 (M.D.N.C. 2004) (citing Carey v. Saffold, 536 U.S. 214, 223-25, 122 S. Ct. 2134, 2140-41 (2002) ("A request for an "extraordinary writ," [such as a certiorari petition under N.C.R. of App. P., Rule 21] which is not part of the regular review process, does not toll the AEDPA limitation period."); and Headen v. Beck, 367 F. Supp.2d 929, 932 (M.D.N.C. 2005) ("The later petitions for certiorari did not resurrect the direct appeal. These petitions would simply be a request under N.C.R. of App. P., Rule 21(a) for extraordinary review"). They are neither part of the direct review process nor the ordinary post-conviction review process which tolls the

running of the one year federal statute of limitation in 28 U.S.C. § 2244(d)(1).").  Likewise, the filing of the MAR on April 5, 2010, could not act to toll a statute of limitations which had already expired. Therefore the petition is untimely.

To avoid dismissal, Mitchell asserts equitable tolling of the statute of limitations. A district court may review an untimely petition filed by a petitioner who is entitled to equitable tolling given that the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar. Holland v. Florida, 560 U.S.___, 130 S. Ct. 2549, 2560 (2010). Mitchell has a detailed equitable tolling argument.

Specifically, Mitchell argues that he sought representation from North Carolina Prisoner Legal Services for the filing of a MAR. (Pet'r's Opposition to Resp.'s Mot. to Dismiss on Statute of Limitations Grounds and Cross-Motion for Equitable Tolling, D.E # 21, Ex. 3) North Carolina Prisoner Legal Services declined representation because of a conflict of interest but advised Mitchell to contact the North Carolina Office of Indigent Defense Services. (Id.) Mitchell contacted the North Carolina Office of Indigent Defense Services, who in turn contracted with counsel Kevin Bradley to represent Mitchell. (Id., Ex. 2, Aff. of Bradley) The North Carolina Office of Indigent Defense Services advised Bradley and Mitchell that "[t]he safest calculation for the running of the one year statute of limitations to file a habeas petition in federal court . . . is April 6, 2010." (Id.)  In fact, the contact signed on behalf of the Director of the Office of Indigent Defense Services and by Bradley specified: "Bradley is aware that the one-year statute of limitations to file a habeas corpus petition in federal court in Mitchell's case appears to be April 6, 2010. . . Bradley shall file a motion for appropriate relief . . .in state superior court prior to the federal habeas deadline." (Id.) The contract further specified: "Bradley shall continue to represent Mitchell until the action is resolved in state superior court." (Id.) Bradley understood his

6

assignment to be to represent Mitchell in the State courts only, not for any action in the Federal courts other than to file any motion for appropriate relief before 6 April 2010. (Id.) Bradley did not understand his agreement to represent Mitchell to encompass re-research of the federal habeas corpus deadline and did not do so. (Id.) Bradley assured Mitchell that his motion for appropriate relief would be filed before the April 6, 2010, deadline and advised him that he would have only the time remaining from the motion for appropriate relief filing date to April 6, 2010, to file his Federal petition for a writ of habeas corpus after the end of State court proceedings on the motion for appropriate relief. (Id.) Bradley filed the MAR on April 5, 2010. The calculation relied on Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002), and the assumption that regardless of whether petitioner sought review in a State's highest court judgment becomes final only after the 90 days in which to seek certiorari to the Supreme Court of the United States from Supreme Court Rule 13.1 ran. The Supreme Court has now clarified that inclusion of that period when no petition for discretionary review is made is incorrect. Gonzalez, 132 S. Ct. at 654-56.

As stated above, Holland held that a district court may review an untimely petition filed by a petitioner who is entitled to equitable tolling given that the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar. Holland v. Florida, 560 U.S.___, 130 S.Ct. 2549, 2560 (2010). Petitioner thus argues equitable tolling applied in the instant case due to the miscalculation of the filing date.

Equitable tolling is applicable where one shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S. Ct. at 2562 (citation and quotations omitted). The Supreme Court specifically addressed whether attorney misconduct could satisfy the "extraordinary circumstance" requirement. Id.

7

at 2562–65. Answering the question in the affirmative, the Court held that, the attorney misconduct must be more egregious than a "'garden variety claim of excusable neglect.'" Id. at 2564. In another recent Supreme Court case, Maples v. Thomas, ___ U.S. ___, 132 S. Ct. 912, 923 (2012), the Court found that Holland holds "an attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit." Maples went on to explain and distinguish negligence from abandonment, which the Court held is extraordinary. Maples, 132 S. Ct. at 924.

The case before this court is a situation in which counsel was representing petitioner. Counsel did not abandon petitioner, nor is there any such suggestion. Counsel did, however, miscalculate the filing date. This is not extraordinary as held by the Supreme Court, and equitable tolling does not save the petition from dismissal for untimeliness.

IV. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims

debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, the September 7, 2011, stay is LIFTED, respondent's Motion to Dismiss (D.E. # 8 and 9) the habeas corpus petition as untimely is GRANTED, and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this **29** day of March 2012.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9

Case 5:10-hc-02149-BO   Document 30   Filed 03/30/12   Page 9 of 9